# Wytheville

JOHN L. YORKE V. MARCELLE DENISE MAYNARD, AN INFANT, ETC.

June 12, 1939.

Record No. 2085.

Present, All the Justices.

The opinion states the case.

*Leith S. Bremner, Charles U. Williams* and *Robert Lewis Young,* for the plaintiff in error.

*Walter M. Evans* and *J. Roland Rooke,* for the defendant in error.

GREGORY, J., delivered the opinion of the court.

Miss Marcelle Denise Maynard, an infant, proceeding by her next friend, instituted an action against John L. Yorke for injuries she sustained as the result of an automobile accident. There were two trials of the case in the lower court. The first trial resulted in a verdict for the defendant. It was set aside by the court because it was of opinion that an erroneous instruction had been granted. A new trial was awarded which resulted in a verdict and judgment for the plaintiff of $1,000. It is to this judgment the present writ of error was awarded.

Charlie H. Cottle made a social engagement with Miss Maynard, a high school girl 17 years of age, and they joined John L. Yorke and his friend Miss Mason in Yorke's car at 10 or 10:15 at night. Yorke was in control and drove the automobile. Miss Mason occupied the seat with him while Cottle and Miss Maynard were in the rumble seat. Yorke drove to the Wigwam, one of the road resorts some nine miles from Richmond.

After arriving at the Wigwam, Yorke and Cottle brought forth a quart and a pint of whiskey. The party had already

been joined by Mr. Lutz and Miss Kilby, and they began the evening by mixing highballs, using ginger ale. They occupied one booth in the place of entertainment and all of them sat around the table, some drinking more than the others. Miss Maynard drank very little. She took two or three sips of one highball. Yorke, Cottle, and Lutz drank most of the whiskey. Yorke had four or five drinks from the quantity they had and also drank with another party at the Wigwam.

Yorke and his party remained until closing time and at approximately 12:30 A. M. they decided to go to another place several miles distant for food. When driving to the latter place, Yorke lost control of the car while going around a curve and it turned over, injuring all of the occupants.

Miss Maynard said she protested at the manner in which Yorke was driving. He said he heard no protest. Yorke was entirely familiar with the road, because he drove over it every day in the course of his work. He was driving at about 40 miles per hour and after he applied his brakes the car went a distance of 245 feet down the highway before it turned over.

Yorke testified that he was not drunk but that he had taken four or five drinks and could feel the effects of them. Witness Cox testified that Yorke "was very much intoxicated; no doubt about that in my mind." It is needless to detail more of the evidence for that set forth is sufficient for the purposes of this opinion.

When there have been two trials of a case in the lower court it is the duty of this court to look to the record of the first trial and if it is seen that the court erred in setting aside the verdict rendered at that trial, it will set aside all proceedings subsequent to that verdict and enter judgment thereon. *Clark* v. *Hugo,* 130 Va. 99, 102, 107 S. E. 730; *Hogg* v. *Plant,* 145 Va. 175, 133 S. E. 759, 47 A. L. R. 308; *Peninsula Produce Exchange* v. *Upshur,* 149 Va. 639, 140 S. E. 651; *C. & O. Railway Co.* v. *Nickel,* 157 Va. 382, 161 S. E. 248.

Proceeding under that well established principle we must ascertain if the court was justified in setting aside the verdict for the defendant which was rendered at the first trial.

Two instructions were given at the first trial which applied to that portion of the testimony which referred to the sobriety of Yorke, the driver of the car.

Instruction 6 was given at the request of the plaintiff. It follows: "The court instructs the jury that if you believe from a preponderance of the evidence in this case that the defendant, John L. Yorke, drank intoxicating liquors at the Wigwam on the night of the accident, and that the defendant, John L. Yorke, was so affected by such intoxicating liquor that he operated his car in a grossly negligent manner and thereby lost control thereof and turned the same over thereby injuring the plaintiff, Marcelle Denise Maynard, and that the plaintiff, Marcelle Denise Maynard, did not know or in the exercise of ordinary care should not have known that the defendant, John L. Yorke, was so affected by such liquor as to render him an unsafe driver when the plaintiff entered and rode in the car, or did not have an opportunity to leave said car after discovering the defendant's condition, if she did discover such condition, then you should find your verdict for the plaintiff."

Instruction K was given at the request of the defendant. It follows: "The court instructs the jury that if you believe from the evidence in this case that the defendant had been drinking intoxicating liquor at the Wigwam on the night of the accident, and that the defendant had consumed such quantity of intoxicants as to likely affect his operation of his automobile, and that such facts were known to the plaintiff, or in the exercise of ordinary care might have been known to her, and that a reasonably prudent person acting with ordinary care should under the facts and circumstances existing have declined to ride in said automobile with the defendant operating the same, but the plaintiff, nevertheless, entered and rode in said automobile and was injured by reason of the negligent operation of the car by the defend-

ant, then, such conduct on the part of the plaintiff would bar a recovery by her."

The trial court thought that instruction K was erroneous and that it should not have been given. For that reason it set the verdict aside and awarded a new trial. We are of opinion that the action of the court was improper.

The condition of Yorke as to sobriety was a very material factor in ascertaining whether or not the plaintiff was guilty of contributory negligence. If he was in fact intoxicated to the extent that it would have been dangerous for him to drive the car and the plaintiff knew or ought to have known of his condition and yet rode with him and was injured, the jury could reasonably have found her guilty of contributory negligence. On the other hand the jury might have found that he was so intoxicated as to render him a dangerous driver; or that he was intoxicated and the plaintiff did not know it when she drove with him. In either event they could have found her guilty of no negligence.

The principle is well illustrated by this syllabus in *Seaboard A. L. Ry. Co.* v. *Terrell,* 149 Va. 344, 141 S. E. 231, where it is said: "In the instant case the court instructed the jury that if plaintiff, a passenger in an automobile at the invitation of the driver, had an opportunity to observe the driver and perceived that he was reckless or intoxicated or not in a fit condition to drive the car and continued to ride with him, this was negligence on her part and would bar her recovery if the driver was negligent and his negligence caused or contributed to the accident."

The objection urged to instruction K was that inasmuch as the defendant, Yorke, had testified that he was not drunk but was feeling the effects of what he had drunk, the defendant's witness Cox should not have been permitted to impeach Yorke's testimony and state that Yorke was "very intoxicated." It is claimed that the defendant by requesting instruction K is in effect asking that his statement that he was not drunk be treated as untrue and that Cox's statement that he was very intoxicated be accepted.

The extent of Yorke's intoxication was established by the cross-examination of the defendant's witness, Cox. Upon direct examination Cox had not stated that Yorke was intoxicated. The most he testified to then was that it was noticeable York was drinking and that he was having a nice time. When he was taken on cross-examination by counsel for the plaintiff he elicited from the witness that Yorke was "very much intoxicated." He asked the witness: "Would you say he was drunk?" Witness Cox replied, "I would say he was in such a condition I wouldn't have ridden back to Richmond with him." This answer was stricken out and again the same question was asked by plaintiff's counsel and he answered: "I wouldn't say he was dead drunk, but I would say he appeared to be intoxicated in my opinion." Under these circumstances we do not think the plaintiff is in position to complain of the testimony which her own counsel brought out on cross-examination or of instruction K which applied to it. It was not improper to give an instruction on this testimony.

It was also urged as an objection to instruction K that it did not require causal connection between Yorke's driving and the happening of the accident in which the plaintiff was injured. It is conceded by the defendant that this is a valid objection to the instruction but that it was not so material that it should have caused the lower court to set aside the verdict. Defendant's counsel maintain that the jury were not misled by the failure of the instruction to embrace the necessity for causal connection.

Instruction 6 and instruction K when read together would not likely confuse or mislead the jury. They were companion instructions dealing with the question of the plaintiff's alleged contributory negligence in riding with the defendant who had been drinking. In number 6 the jury were instructed that if plaintiff did not know of Yorke's condition as to sobriety and should not have known of it in the exercise of ordinary care, and he operated the car in a grossly negligent manner, losing control of it, she would be entitled to recover.

Instruction K was the converse of what instruction 6 told the jury. In K the jury were told that if Yorke was intoxicated to the extent that it affected his operation of the car and the plaintiff knew it, or in the exercise of ordinary care should have known it, and yet rode with him, under the circumstances she would be barred of a recovery.

While instruction K is not technically correct and we do not approve it, we think when considered with instruction 6 and the others given it did not mislead the jury or constitute prejudicial error.

The apt language used in *Rosenberg* v. *Turner*, 124 Va. 769, 98 S. E. 763, applies here. "The two instructions should be read together, as they present the two opposing theories of the plaintiff and the defendant, and when so read, we do not think they are amenable to the objection raised. * * * ."

The judgment of the trial court is reversed and this court will now enter a judgment for the defendant on the verdict rendered upon the first trial.

*Reversed.*