## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Kalousdian's Adm'r

v.

Cecelia A. Gates

March 13, 1969

Case No. 1027

BY JUDGE A. CHRISTIAN COMPTON

Enclosed you will find a copy of the judgment order entered today in favor of the plaintiff which overrules the defendant's motion to set aside the verdict in this case.

The defendant contends that the Court erred in refusing to allow the witness Geaslen to give his opinion that the speed of the plaintiff's vehicle at the time he observed it was in excess of the speed limit of twenty-five miles per hour.

The witness was inside the building (shown in plaintiff's exhibits 2 and 3) located on the northwest corner of the intersection where the accident happened. He was twenty feet from the front door at the end of a corridor and had a view of Main Street through an opening several feet wide, his view being restricted as the result of the location of the corridor with relation to the front door of the building as shown on defendant's exhibit 1.

His attention was attracted to Main Street because of the noise of the collision and the roar of an automobile. He looked to the street and saw the vehicle "swishing by the door." Out of the jury's presence, he had testified that he saw the vehicle "flash" by and that its speed was in excess of twenty-five miles per hour, or words to that effect.

The defendant sought to have admitted this opinion as to speed as evidence that the vehicle was being driven in excess of the speed limit prior to the accident. The defendant argues that once a witness *sees* a vehicle, even though for a very short period of time, the witness is then competent to give his opinion as to its speed and the fact that he only had

a brief view of the vehicle affects the weight of the evidence and not its admissibility. This position is not well taken.

The period of time that this vehicle was in view of this witness could not have been much shorter. He was down a corridor inside the building twenty feet from the front door looking out an opening which was about three feet wide. The vehicle, travelling across his line of sight, was the width of the north sidewalk of Main Street plus a portion of the street itself, beyond the front door of the building. While his field of vision was greater than three feet in width, the witness graphically described the brief opportunity he had to form any opinion as to the speed when he said the vehicle "flashed" and "swished" by the door.

The applicable rule is well stated as follows:

> In order to be competent to testify as to the speed of a motor vehicle, a witness must have had reasonable opportunity to judge that speed, and until it is shown that the witness did have such a reasonable opportunity, he is generally held incompetent to give an estimate of the speed. Speed being a physical phenomenon difficult of accurate ascertainment with respect to a moving object in plain view, an interval of time of sufficient length to give the critical faculties an opportunity to function in formulating a judgment with respect to it must elapse; that time element should be of such reasonable duration as to warrant a conclusion that the opinion is grounded in probability and removed from the realm of speculation.

8 Am. Jur. 2d, *Automobiles and Highway Traffic*, Section 985, p. 538. See also, *Meade, Adm'r. v. Meade, Adm'r.*, 206 Va. 823, 828 (1966); *Moore v. Lewis*, 201 Va. 522, 525 (1960); 156 A.L.R. 382, 384, 385; 7 M.J., *Evidence*, Section 191 (1967 Cum. Supp. p. 81).

The opportunity of the witness to formulate an opinion as to speed was insufficient in this case to remove his opinion from the realm of speculation and therefore this opinion was properly excluded.