# Richmond

RICHARD SMITH v. COMMONWEALTH OF VIRGINIA.

April 23, 1973.

Record No. 8093.

Present, All the Justices.

*Richard S. Miller*, for plaintiff in error.

*James E. Kulp*, *Assistant Attorney General* (*Andrew P. Miller*, *Attorney General*, on brief), for defendant in error.

Carrico, J., delivered the opinion of the court.

The defendant, Richard Smith, was convicted by a jury of involuntary manslaughter in the traffic death of Everett McKinley Tayman. The sentence fixed by the jury, one year in the penitentiary, was imposed by the trial court. We granted a writ of error.

The accident in which Tayman met his death occurred at approximately 10 a.m. on December 25, 1971, at the intersection of 6th and Madison Streets in the city of Lynchburg.[1] The two streets intersect at right angles. Sixth Street is an arterial street running generally north and south and is one-way for southbound traffic. Madison Street runs generally east and west and carries two-way traffic controlled by stop signs at the intersection.

Tayman was operating a Chevrolet taxicab in a southerly direction on 6th Street. The defendant was driving a Chevelle automobile in a westerly direction on Madison Street. The taxicab had traveled 19 feet into the intersection when it was struck in the side by the defendant's vehicle which had traveled 6 feet into the intersection. The taxicab was struck with such force that it was diverted from its southerly path of travel and knocked sideways in a westerly direction across 6th Street to a point on Madison Street 42 feet from where the vehicles collided. The cab came to rest facing in an easterly direction. The defendant's vehicle came to rest on Madison Street west of the intersection 34 feet from the point of impact, facing in a southerly direction. Both vehicles were demolished.

George Wilkinson testified as a witness for the Commonwealth. On the morning of the accident, he was standing on a sidewalk on Harrison Street between 6th and 7th Streets. Wilkinson's attention was attracted to the sound of a racing motor. He saw the defendant's Chevelle proceeding westerly on Harrison Street approaching 8th Street. The vehicle was being operated on the wrong side of the street at an

---

[1] The following diagram will afford better understanding of the area in which the accident occurred:

excessive speed, estimated by Wilkinson to be "better than 30 miles per hour."

The vehicle proceeded through a stop sign at 8th Street but stopped for "a split second" at a stop sign at the corner of 7th and Harrison Streets to permit a vehicle northbound on 7th to pass by. It then "scratched off," meaning that it "took off fast," on 7th Street toward Madison. Wilkinson lost sight of the vehicle but heard the continued roar of its motor as it approached Madison Street. The noise abated momentarily, and then Wilkinson heard a "louder . . . and faster roar" than he had heard before with "no stop at all" until there was "a loud sound, boom." He walked rapidly to the corner of Madison and 6th Streets and there saw the vehicle he had just observed. It had been in collision with a taxicab.

Officer B. F. Davis of the Lynchburg Police Department investigated the accident. He saw the defendant at the Lynchburg General Hospital approximately one hour after the collision had occurred. The officer testified that the defendant "had an odor of alcohol about him" and "was sort of groggy," although he did not appear to be under the influence of alcohol. In a later interview, the defendant told the officer that he had been proceeding westerly on Madison Street and had stopped at the stop sign on 6th Street, had seen nothing coming, and had "started off." He then found the taxicab right in front of him, and struck it.

█ The defendant's first and principal contention is that the trial court erred in admitting the testimony of George Wilkinson. The defendant argues that after his vehicle passed from Wilkinson's view when it turned onto 7th Street, Wilkinson then had nothing but the sound of the engine as a basis for estimating the speed of the vehicle as it proceeded to the point of collision. This, says the defendant, was an insufficient basis under our holding in *Meade, Adm'r* v. *Meade, Adm'r*, 206 Va. 823, 147 S.E.2d 171 (1966).

In *Meade*, the trial court had permitted a witness to state, on the basis of sound alone, that a vehicle was "going over eighty" miles per hour. We held this to be error, stating that generally a witness who has not actually seen a vehicle in motion "is incompetent to give testimony based on sound alone as to the speed at which it was moving." 206 Va. at 828-29, 147 S.E.2d at 175.

However, the rule enunciated in *Meade* is not applicable in this case. Here, Wilkinson did not attempt to estimate the speed of the defendant's vehicle after it passed from his view. He merely stated what

he heard, which was competent evidence. The only estimate of speed given by Wilkinson was based upon his visual observation of the defendant's vehicle in operation. That observation was made within a short distance of the place and in a matter of seconds of the time the collision occurred. The facts disclosed by the visual observation were not remote since they were connected to the collision by the intervening auditory perception of the witness. It was not error to admit the testimony of Wilkinson.

The defendant next contends that the trial court erred in granting certain instructions offered by the Commonwealth. Only two of the challenged instructions, Nos. 7 and 8, merit discussion. Instruction No. 7 told the jury that under the ordinances of the city of Lynchburg, 6th Street, on which Tayman was operating his taxicab, was an arterial street and that traffic thereon had the right-of-way over traffic on intersecting streets, requiring the intersecting traffic to stop and yield the right-of-way. Instruction No. 8 told the jury that the speed limit for traffic on Madison Street, on which the defendant was operating, was 25 miles per hour.

The defendant argues that Instructions 7 and 8 implied that a mere violation of a statutory duty, which is but ordinary negligence, would justify the jury in finding him guilty of criminal fault. The defendant says that we have condemned such instructions in civil cases involving gross negligence and that the same rule should apply here.

In support of his argument, the defendant cites our gross negligence cases of *Ferguson* v. *Ferguson*, 212 Va. 86, 181 S.E.2d 648 (1971), and *Goodwin and Reed* v. *Gilman*, 208 Va. 422, 157 S.E.2d 912 (1967). But the instructions condemned in those cases were finding instructions, and their language specifically permitted gross negligence to be found from a mere failure to exercise ordinary care in discharging statutory duties. The instructions complained of in this case did not suffer the same vices. They were not finding instructions. They merely stated what the statutory duties were, without further comment. Other instructions given by the court left no doubt that before the jury could have convicted for a violation of one or both of the stated statutory duties, it had to find such violation to have been in "callous disregard of human life." So it was not error to grant Instructions 7 and 8.

Finally, the defendant complains of certain remarks made by the Commonwealth's Attorney in closing argument to the jury. In his

argument, the Commonwealth's Attorney intimated that the defendant was under the influence of intoxicants at the time of the collision. Defense counsel objected. The trial court stated that there was "no evidence [the defendant] was under the influence" and instructed the jury to disregard the argument of the Commonwealth's Attorney. We hold that the instruction of the trial court was sufficient to cure any error arising from the argument of the Commonwealth's Attorney. *Lewis* v. *Commonwealth,* 211 Va. 80, 175 S.E.2d 236 (1970).

Although the defendant assigned error attacking the sufficiency of the evidence and argued the assignment in his brief, he did not press the point in oral argument before us. He merely asserted that the evidence presented a "close case" when urging us to recognize the merit of the other errors he had assigned. Suffice to say, while we agree that the case may have been close, we think the evidence was sufficient to sustain the conviction.

The judgment of the trial court will be affirmed.

*Affirmed.*