COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Judge Frank and Senior Judge Bumgardner
Argued at Chesapeake, Virginia


MONAE CHANTA SAVAGE, S/K/A
  MONA CHANTA SAVAGE
                                          MEMORANDUM OPINION[*] BY
v.        Record No. 1813-08-1            JUDGE RUDOLPH BUMGARDNER, III
                                                 JULY 21, 2009
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                          H. Vincent Conway, Jr., Judge

              Sherman C. Smith, Assistant Public Defender, for appellant.

              Gregory W. Franklin, Assistant Attorney General (William C. Mims,
              Attorney General, on brief), for appellee.


        Monae Chanta Savage appeals her conviction of reckless driving by speeding 70 miles

per hour in a 45 miles-per-hour zone, Code § 46.2-862.  She maintains the evidence was

insufficient to prove the speed of her vehicle.  Finding the argument is without merit, we affirm.

        The arresting officer paced the defendant's car for two-tenths of a mile at 70 miles per

hour.  The posted speed limit was 45 miles per hour.  The defendant did not object to the

evidence of her speed.  When the Commonwealth rested its case, the defendant moved to strike

the evidence.  She argued it was insufficient to prove her speed because pacing was not a method

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

for determining speed listed in Code § 46.2-882.[1] The trial court denied the motion. The defendant presented no evidence.

By not objecting to the admission of the officer's testimony of his pace of the defendant's car, it became evidence of the speed of the car. It was sufficient to prove guilt, and the trial court properly denied the motion.

Code § 46.2-882 is a statute permitting the admissibility of evidence. It is not a statute of exclusion. It currently sanctions four types of scientific evidence that determine speed by eliminating the need to prove that the underlying scientific principle or technique of the measuring device is reliable. The statute was first enacted in 1954, 1954 Va. Acts, c. 385, to sanction Doppler shift radar as a scientifically valid technique for measuring speed. Subsequently, the statute has been amended as other techniques were adopted for measuring the speed of highway vehicles.

Nothing in Code § 46.2-882 suggests the statute is meant to limit the means for proving speed. The statute itself states that speed "may" be determined by the enumerated means. "The word 'may' is *prima facie* permissive, importing discretion, but the courts construe it to be mandatory when it is necessary to accomplish the manifest purpose of the Legislature." C. & O. Ry. Co. v. Pulliam, 185 Va. 908, 916, 41 S.E.2d 54, 58 (1947). Even lay witness testimony has

---

[1] In pertinent part, Code § 46.2-882 provides:

> The speed of any motor vehicle may be determined by the use of (i) a laser speed determination device, (ii) radar, (iii) a microcomputer device that is physically connected to an odometer cable and both measures and records distance traveled and elapsed time to determine the average speed of a motor vehicle, or (iv) a microcomputer device that is located aboard an airplane or helicopter and measures and records distance traveled and elapsed time to determine the average speed of a motor vehicle being operated on highways within the Interstate System of highways as defined in § 33.1-48. The results of such determinations shall be accepted as prima facie evidence of the speed of such motor vehicle in any court or legal proceeding where the speed of the motor vehicle is at issue.

always been an acceptable method of the speed of a car. Shrader v. Commonwealth, 2 Va. App. 287, 291, 343 S.E.2d 375, 378 (1986). The statute does not prevent the Commonwealth from proving a vehicle's speed by other methods.

One of the easiest methods is pacing. This involves accurately determining the speed of one vehicle while proceeding at a constant distance from a second vehicle. If the distance between the two vehicles remains constant, the speed of the second vehicle must be the same as the known speed of the first vehicle. Code § 46.2-942[2] clearly contemplates the use of pacing as a method of determining a vehicle's speed by authorizing the admission of calibration tests to prove the accuracy of an arresting officer's speedometer.

The need to determine the speed of automobiles began in the early 1900s. The General Assembly enacted the first speed limit statute in 1904. 1902-1904 Va. Acts, c. 34. Radar came into use in the early 1950s. Very soon, case law and statutory law accepted the scientific principle involved and eliminated the need of expert testimony to prove the scientific basis of the technique. As noted, Virginia enacted current Code § 46.2-882 to permit radar in 1954. See 1 McCormick on Evidence 839-45 (Kenneth S. Broun ed., 6th ed. 2006).

The speed of vehicles was proven in court long before science provided radar as a method. Any means that would accurately measure the distance a car traveled and the time it took for it to do so would provide proof of the rate, or speed, at which it traveled. Indeed, the

---

[2] Code § 46.2-942 provides:

> In the trial of any person charged with exceeding any maximum speed limit in the Commonwealth, the court shall receive as evidence a sworn report of the results of a calibration test of the accuracy of the speedometer in the motor vehicle operated by the defendant or the arresting officer at the time of the alleged offense. The report shall be considered by the court or jury in both determining guilt or innocence and in fixing punishment.

earliest method of using a stopwatch to time a vehicle over a known distance has come into renewed use with traffic patrolling by airplane.  <u>Id.</u>

The omission of pacing from the methods for determining speed that are enumerated in Code § 46.2-882 does not in any way invalidate it as an appropriate means of proving the speed of a vehicle.  Accordingly, we affirm the conviction.

<u>Affirmed.</u>