COURT OF APPEALS OF VIRGINIA

Present:   Judges Frank, Huff and Chafin
Argued at Chesapeake, Virginia


ANDREW LEE LEWIS, JR.

MEMORANDUM OPINION[*] BY
v.        Record No. 1195-12-1            JUDGE GLEN A. HUFF
                                          APRIL 9, 2013

COMMONWEALTH OF VIRGNIIA


FROM THE CIRCUIT COURT OF SOUTHAMPTON COUNTY
Robert W. Curran, Judge

C. Wiley Grandy (Moody E. Stallings, Jr.; Stallings, Bush &
Randall, P.C., on brief), for appellant.

Leah A. Darron, Senior Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


        Andrew Lee Lewis, Jr. ("appellant") appeals his convictions of misdemeanor driving

while intoxicated, in violation of Code § 18.2-266, and speeding, in violation of Code

§ 46.2-875.[1]  Following a bench trial in the Circuit Court of Southampton County ("trial court"),

the trial court sentenced appellant to thirty days in jail, with all time suspended, fined appellant

$250, suspended his operator's license for twelve months, and ordered appellant to pay a $50 fee

to the trial court for the Trauma Center Fund for the driving while intoxicated conviction.  The

trial court also fined appellant $126 for the speeding conviction.

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant was also found guilty of first offense refusal to take a breath/blood test, in
violation of Code § 18.2-268.3.  Appellant's appeal regarding this conviction will be transferred
to the Supreme Court of Virginia, pursuant to Code § 8.01-677.1, upon the completion of the
appeal in this Court.

On appeal, appellant contends that the trial court erred in 1) "convicting [appellant] of a speeding citation because the evidence of the officer's patrol car speedometer is insufficient to prove the accuracy of his radar device, which was actually used to determine the speed"[2]; and 2) finding appellant guilty of driving while intoxicated because the evidence gathered after the traffic stop was inadmissible, in violation of the Fourth Amendment of the United States Constitution. For the following reasons, this Court affirms appellant's convictions.

## I. BACKGROUND

On appeal, "'we consider the evidence and all reasonable inferences flowing from that evidence in the light most favorable to the Commonwealth, the prevailing party at trial.'" Williams v. Commonwealth, 49 Va. App. 439, 442, 642 S.E.2d 295, 296 (2007) (en banc) (quoting Jackson v. Commonwealth, 267 Va. 666, 672, 594 S.E.2d 595, 598 (2004)). So viewed, the evidence is as follows.

On December 10, 2011, Officer Justin Schumer ("Schumer"), with the Franklin City Police Department, was running his radar gun from his marked police vehicle. Around 10:18 p.m., Schumer observed appellant's vehicle speeding eastbound on Armory Drive as Schumer was driving westbound, and his radar gun indicated that appellant was driving fifty-six miles per hour in a posted thirty-five miles-per-hour zone. After appellant's vehicle passed Schumer's police vehicle, Schumer made a u-turn on Armory Drive, activated his lights and siren, and followed appellant's vehicle. Appellant turned left onto College Avenue and drove another quarter of a mile while Schumer followed him. During the quarter-of-a-mile drive, Schumer observed appellant "weaving from right to left, right to left within his lane until he

---

[2] At oral argument, appellant made a motion to amend his first assignment of error as set forth above. The Commonwealth objected to the motion on the ground that appellant was not entitled to amend his assignment of error pursuant to Rule 5A:12(c) and Davis v. Commonwealth, 282 Va. 339, 717 S.E.2d 796 (2011). This Court grants the motion and addresses the merits of appellant's assignment of error on appeal.

finally pulled into a driveway at Paul D. Camp Community College, which he parked right in the middle of the two-lane driveway."

Schumer then approached the vehicle, noticed there were two passengers in the vehicle, and asked appellant for his driver's license and vehicle registration, which appellant eventually gave to Schumer. Schumer stated that he could smell a strong odor of alcohol emanating from the vehicle, appellant was very slow to turn his head to speak to Schumer when Schumer approached the vehicle, appellant's speech was extremely slurred to the point that it was almost incoherent so that Schumer could not understand what appellant was saying, and appellant's eyes were glassy and bloodshot.

Based on the smell of alcohol coming from the vehicle, Schumer asked appellant if he had anything to drink that evening. Appellant initially denied drinking anything, but finally admitted that he had consumed one beer and one shot approximately two hours before the stop. Schumer told appellant that he suspected appellant of driving while under the influence of alcohol and asked appellant to perform two field sobriety tests while he was still in the vehicle. Subsequent to Schumer's instructions to count backwards from 61 to 46 and to recite the alphabet from the letter "E" to "S," appellant failed both tests.

Due to the results of the two tests, Schumer asked appellant to step out of the vehicle so that appellant could perform three additional field sobriety tests: the horizontal gaze nystagmus test ("HGN"), the one-legged stand test, and the walk and turn test. When appellant stepped out of the vehicle, Schumer noted that there was a strong odor of alcohol coming from appellant. After appellant failed the three field sobriety tests, Schumer arrested appellant for driving under the influence of alcohol.

At trial, Schumer testified that he calibrated his radar gun based on his vehicle calibration, which was calibrated every six months and was last calibrated on August 23, 2011.

Schumer's vehicle speedometer calibration worksheet then was admitted into evidence over appellant's objection. Schumer further testified that the speedometer of his vehicle, identified as "Vehicle Number 823," was calibrated and that "823" was the last three numbers of the vehicle identification number and "no other vehicle in the country has that number."

On cross-examination, Schumer admitted that the speedometer calibration worksheet was the calibration of his vehicle speedometer and not of the radar equipment. Schumer further stated that he did not pace appellant's vehicle at any time, but definitively stated that he saw appellant speeding. When asked about his training and experience, Schumer testified that he attended the Hampton Roads Criminal Justice Training Academy where he received training on the National Highway Traffic and Safety Administration ("NHTSA") standardized field sobriety tests, which included the three tests he conducted after appellant stepped out of the vehicle. Schumer admitted that the two tests he conducted prior to appellant getting out of the vehicle were not part of the NHTSA protocol, but stated that he administered them because they "build on probable cause" for a "DUI arrest," help him "in determining whether or not [the individual] needs to come out of the vehicle to do further field sobriety tests," and were part of his training.

Appellant made a motion to strike and dismiss at the conclusion of all the evidence, arguing that the Commonwealth failed to prove appellant was speeding because the speedometer calibration worksheet was for a vehicle and not the radar gun, and thus it was not evidence of the radar's calibration as required by statute. Appellant also argued that the speedometer calibration worksheet was hearsay and inadmissible and that although Schumer testified he observed appellant driving down the road, he did not testify that it was at a high rate of speed. The trial court overruled the motion, holding that the calibration worksheet was relevant to the speeding, that Schumer observed the car weaving in the same lane, and that Schumer was "by the book in

terms of the tests and everything." The trial court also found appellant's testimony was not credible and found him guilty of speeding and driving under the influence of alcohol.

This appeal followed.

## II. ANALYSIS

On appeal, appellant contends that the trial court erred in 1) "convicting [appellant] of a speeding citation because the evidence of the officer's patrol car speedometer is insufficient to prove the accuracy of his radar device, which was actually used to determine the speed"; and 2) finding appellant guilty of driving while intoxicated because the evidence gathered after the traffic stop was inadmissible, in violation of the Fourth Amendment of the United States Constitution.

## A. Speeding

Appellant argues that the trial court erred in finding the evidence sufficient to convict him of speeding "because the evidence of the officer's patrol car speedometer is insufficient to prove the accuracy of his radar device, which was actually used to determine the speed."

In a challenge to the sufficiency of the evidence, "we 'presume the judgment of the trial court to be correct,' and 'will not set it aside unless it is plainly wrong or without evidence to support it.'" Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002) (quoting Broom v. Broom, 15 Va. App. 497, 504, 425 S.E.2d 90, 94 (1992); Dodge v. Dodge, 2 Va. App. 238, 242, 343 S.E.2d 363, 365 (1986)). The reviewing court, under this standard, asks whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). In addition, "[t]he credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995).

Code § 46.2-875 provides, in pertinent part, that "[t]he maximum speed limit shall be 35 miles per hour on highways in any city or town, except on interstate or other limited access highways with divided roadways and in business or residence districts."

> "An estimate of the speed at which an automobile was moving at a given time is generally viewed as a matter of common observation rather than expert opinion, and it is accordingly well settled that any person of ordinary experience, ability, and intelligence having the means or opportunity of observation, whether an expert or nonexpert, and without proof of further qualification may express an opinion as to how fast an automobile which came under his observation was going at a particular time. . . . Speed of an automobile is not a matter of exclusive knowledge or skill, but anyone with a knowledge of time and distance is a competent witness to give an estimate; the opportunity and extent of observation goes to the weight of the testimony."

Greenway v. Commonwealth, 254 Va. 147, 152, 487 S.E.2d 224, 227 (1997) (quoting Moore v. Lewis, 201 Va. 522, 525, 111 S.E.2d 788, 790 (1960)); see also Shrader v. Commonwealth, 2 Va. App. 287, 291, 343 S.E.2d 375, 378 (1986) ("Virginia decisions follow the mainstream of authority which holds that any person with a 'knowledge of time and distance' may estimate the speed of a vehicle he observes even if the observation is brief." (quoting Moore, 201 Va. at 525, 111 S.E.2d at 790)).

In the present case, the evidence was sufficient to support appellant's conviction. Schumer testified that he watched appellant driving towards him on Armory Drive and specifically testified that he observed appellant speeding in the thirty-five miles-per-hour zone. In addition, the trial court found Schumer's testimony credible and rejected appellant's testimony. Accordingly, we hold that the evidence was sufficient to establish that appellant was speeding, and affirm appellant's conviction.

Because we hold that the trial court did not err in finding the evidence sufficient based on Schumer's testimony, we need not consider appellant's challenge to the accuracy of Schumer's radar equipment. See Luginbyhl v. Commonwealth, 48 Va. App. 58, 64, 628 S.E.2d 74, 77

- 6 -

(2006) ("An appellate court decides cases 'on the best and narrowest ground available.'" (quoting Air Courier Conference v. Am. Postal Workers Union, 498 U.S. 517, 531 (1991) (Stevens, J., concurring))).

### B. Driving While Intoxicated

Lastly, appellant asserts that the trial court erred in finding appellant guilty of driving while intoxicated because the evidence gathered after the traffic stop was inadmissible, in violation of the Fourth Amendment of the United States Constitution. Specifically, appellant asserts that Schumer lacked reasonable, articulable suspicion to initiate the traffic stop of appellant because Schumer testified that appellant was not driving erratically and the radar reading was unverifiable.

Rule 5A:18 provides, in relevant part, "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." At trial, appellant never argued that the evidence gathered after the traffic stop was inadmissible, in violation of the Fourth Amendment, nor did appellant file a motion to suppress prior to trial. See Code § 19.2-266.2 ("Defense motions or objections seeking . . . suppression of evidence on the grounds such evidence was obtained in violation of the provisions of the Fourth . . . Amendment[] to the Constitution of the United States . . . shall be raised in writing, before trial. The motions or objections shall be filed and notice given to opposing counsel not later than seven days before trial in circuit court . . . . The circuit court may, however, for good cause shown and in the interest of justice, permit the motions or objections to be raised at a later time."); Schmitt v. Commonwealth, 262 Va. 127, 145-46, 547 S.E.2d 186, 199 (2001) (holding that Schmitt waived his argument on appeal regarding the admissibility of evidence due to his failure to comply with the statutory requirements of Code § 19.2-266.2 and to establish good

cause shown and in the interest of justice). Therefore, appellant waived the argument that the

trial court erred in finding appellant guilty of driving while intoxicated, and Rule 5A:18 bars this

Court's consideration of the issue on appeal.

Appellant, however, asks this Court to reach the merits of the assignment of error in order

"to correct a manifest injustice." Thus, appellant raises the ends of justice exception to Rule

5A:18. "'[A]pplication of the ends of justice exception is appropriate when the judgment of the

trial court was error and application of the exception is necessary to avoid a grave injustice or the

denial of essential rights.'" Rowe v. Commonwealth, 277 Va. 495, 503, 675 S.E.2d 161, 165

(2009) (quoting Charles v. Commonwealth, 270 Va. 14, 17, 613 S.E.2d 432, 433 (2005)).

> The ends of justice exception is narrow and is to be used sparingly,
> and only when a trial court error is clear, substantial[,] and
> material. In order to avail oneself of the exception, a defendant
> must affirmatively show that a miscarriage of justice has occurred,
> not that a miscarriage might have occurred. In examining a case
> for miscarriage of justice, we do not simply review the sufficiency
> of the evidence under the usual standard, but instead determine
> whether the record contains affirmative evidence of innocence or
> lack of a criminal offense.

Tooke v. Commonwealth, 47 Va. App. 759, 764-65, 627 S.E.2d 533, 536 (2006) (citations

omitted) (internal quotation marks omitted). "The burden of establishing a manifest injustice is a

heavy one, and it rests with the appellant." Brittle v. Commonwealth, 54 Va. App. 505, 514, 680

S.E.2d 335, 340 (2009).

"'In order to show that a miscarriage of justice has occurred, . . . the appellant must

demonstrate that he or she was convicted for conduct that was not a criminal offense or the

record must affirmatively prove that an element of the offense did not occur.'" Id. (quoting

Redman v. Commonwealth, 25 Va. App. 215, 221-22, 487 S.E.2d 269, 273 (1997)). "The

non-offense prong of the ends of justice analysis is similar to a legal impossibility analysis. . . .

'Legal impossibility occurs when a defendant's actions, even if fully carried out exactly as he

intends, would not constitute a crime.'" Id. at 516, 680 S.E.2d at 341 (quoting Hix v. Commonwealth, 270 Va. 335, 342, 619 S.E.2d 80, 84 (2005)).

In the present case, appellant has failed to affirmatively establish that a miscarriage of justice occurred based on the lack of justification for the traffic stop. Thus, he has not affirmatively demonstrated that he was convicted of conduct that was not a criminal offense, nor has he pointed this Court to a place in the record that affirmatively establishes that an element of the offense did not occur such that this Court should invoke the ends of justice exception to reach the merits of the argument. Accordingly, Rule 5A:18 bars our consideration of this issue on appeal.

## IV. CONCLUSION

Based on the foregoing, we hold that the trial court did not err in finding the evidence sufficient to convict appellant of speeding. Furthermore, we decline to apply the ends of justice exception to reach the merits of appellant's second assignment of error. Therefore, we affirm appellant's convictions.

Affirmed.