COURT OF APPEALS OF VIRGINIA

Present: Judges Frank, Petty and Senior Judge Haley
Argued by teleconference

JULIE ANN HUGHES

MEMORANDUM OPINION[*] BY
v.      Record No. 0267-13-4        JUDGE WILLIAM G. PETTY
                                    SEPTEMBER 10, 2013
TROY ALEXANDER HUGHES

FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
William D. Hamblen, Judge

Jonathon A. Moseley for appellant.

No brief or argument for appellee.

Julie Ann Hughes ("wife") appeals from an equitable distribution order dividing the

assets and debts of her former marriage with Troy Alexander Hughes ("husband"). Wife argues

that the trial court erred in its equitable distribution of the parties' debt and in failing to enforce a

*pendente lite* order requiring husband to reimburse wife's medical expenses. For the reasons

stated below, we reverse the trial court's decision and remand for further proceedings consistent

with this opinion.

I.

Because the parties are fully conversant with the record in this case and this

memorandum opinion carries no precedential value, we recite below only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of

this appeal. "On appeal, we view the evidence in the light most favorable to . . . the party

prevailing below, 'and grant all reasonable inferences fairly deducible therefrom.'" Johnson v.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

UNPUBLISHED

Johnson, 56 Va. App. 511, 513-14, 694 S.E.2d 797, 799 (2010) (quoting Anderson v. Anderson, 29 Va. App. 673, 678, 514 S.E.2d 369, 372 (1999)).

II.

A.  Equitable Distribution

Wife first argues that the trial court erred in ruling that it had no legal power to apportion the debt on the marital residence because husband discharged his debt to the third-party creditors in bankruptcy protection.  Wife also argues that the trial court erred by failing to equitably distribute the parties' marital debt.[1]  While we disagree with wife in her assertion as to the trial court's rationale for not apportioning the debt, we agree that the trial court erred in failing to apportion the debt as required by statute.

"Fashioning an equitable distribution award lies within the sound discretion of the trial judge and that award will not be set aside unless it is plainly wrong or without evidence to support it."  Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990).  "'[T]he abuse of discretion standard requires a reviewing court to show enough deference to a

---

[1] Wife's assignments of error are far from the clear, concise, and non-argumentative assignments envisioned by the Rules of the Supreme Court.  It has long been established that "'[t]he purpose of assignments of error is to point out the errors with reasonable certainty in order to direct [the] court and opposing counsel to the points on which appellant intends to ask a reversal of the judgment, and to limit discussion to these points.'"  Yeatts v. Murray, 249 Va. 285, 290, 455 S.E.2d 18, 21 (1995) (quoting Harlow v. Commonwealth, 195 Va. 269, 271, 77 S.E.2d 851, 853 (1953)).  Consequently, it is the duty of an appellant's counsel "to 'lay his finger on the error' in his [assignments of error]," Carroll v. Commonwealth, 280 Va. 641, 649, 701 S.E.2d 414, 418 (2010) (quoting First Nat'l Bank of Richmond v. William R. Trigg Co., 106 Va. 327, 342, 56 S.E. 158, 163 (1907)), and not to invite an appellate court "to delve into the record and winnow the chaff from the wheat," Loughran v. Kincheloe, 160 Va. 292, 298, 168 S.E. 362, 364 (1933).  We note, however, that husband has neither filed a brief nor objected to the sufficiency of the assignments.  Thus, despite the imprecise and argumentative nature of the wife's second assignment of error, we will consider it in the context of her argument that "[r]egardless of whether [the apportionment of debts of the marriage] was done right or wrong under the findings of facts or discretion of the Judge, here the task was simply not done."  Accordingly, we will address whether the trial court properly apportioned the marital debts of the parties.

primary decisionmaker's judgment that the court does not reverse merely because it would have come to a different result in the first instance.'" Lawlor v. Commonwealth, 285 Va. 187, 212, 738 S.E.2d 847, 861 (2013) (quoting Evans v. Eaton Corp. Long Term Disability Plan, 514 F.3d 315, 322 (4th Cir. 2008)). However, "the law often circumscribes the range of choice available to a court in the exercise of its discretion." Id. at 213, 738 S.E.2d at 861. "'The abuse-of-discretion standard includes review to determine that the discretion was not guided by erroneous legal conclusions.'" Id. (quoting Landrum v. Chippenham & Johnston-Willis Hosps., Inc., 282 Va. 346, 357, 717 S.E.2d 134, 139 (2011) (Millette, J., concurring)). Accordingly, we will not reverse an award "[u]nless it appears from the record that the [trial court] has abused [its] discretion, . . . has not considered or misapplied one of the statutory mandates, or that the evidence fails to support the findings of fact underlying [the] resolution of the conflict." Smoot v. Smoot, 233 Va. 435, 443, 357 S.E.2d 728, 732 (1987).

### 1. Husband's Bankruptcy

Wife alleges that the trial court erred by concluding that husband's bankruptcy barred it from apportioning the marital debt on the house. In announcing the rationale for its decision on the issues of equitable distribution, spousal support, and child support, the trial court made the comment that "[wife] remains in debt on the marital residence both the purchase money, deed of trust, and the HELOC. The [husband] rid himself of these debts by bankruptcy, an option the [wife] has elected not to pursue." However, neither the transcript of the proceeding nor the final order indicates that the trial court held that it did not have the legal power to apportion the parties' debt due to husband's bankruptcy discharge. In fact, when wife asked the trial court if it was implicitly ruling that the bankruptcy barred it from apportioning the debt on the house, the trial court responded, "I don't take your point, Counselor." While wife revisited the matter in a motion to reconsider, the record does not reflect that the trial court ever ruled on the motion.

- 3 -

Thus, wife assigns error to a ruling the trial court never made, and we need not address it.  See Hodnett v. Stanco Masonry, 58 Va. App. 244, 253, 708 S.E.2d 429, 434 (2011) (declining to consider an appellant's assignment of error where there was "no . . . ruling to review on the issue"); Scialdone v. Commonwealth, 279 Va. 422, 437, 689 S.E.2d 716, 724 (2010) ("If . . . there is no ruling by the trial court . . . [there is] no basis for review or action by this Court on appeal."); Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 489 (1998) ("[B]ecause the trial court never ruled upon [appellant's] objection[s] . . . there is no ruling for us to review on appeal."); Fisher v. Commonwealth, 16 Va. App. 447, 454, 431 S.E.2d 866, 890 (1993) ("Fisher failed to obtain a ruling [and] [h]e requested no relief.  Because he was denied nothing by the trial court, there is no ruling for us to review.").

Furthermore, "'[a]bsent clear evidence to the contrary in the record, the judgment of a trial court comes to us on appeal with a presumption that the law was correctly applied to the facts.'"  Groves v. Commonwealth, 50 Va. App. 57, 61-62, 646 S.E.2d 28, 30 (2007) (quoting Yarborough v. Commonwealth, 217 Va. 971, 978, 234 S.E.2d 286, 291 (1977)).  Accordingly, a "'judge is presumed to know the law and to apply it correctly in each case.'"  Id. at 62, 646 S.E.2d at 30 (quoting Crest v. Commonwealth, 40 Va. App. 165, 172 n.3, 578 S.E.2d 88, 91 n.3 (2003)).  And "[o]nly 'clear evidence to the contrary in the record,' suffices to rebut the presumption."  Id. (quoting Campbell v. Commonwealth, 39 Va. App. 180, 186, 571 S.E.2d 906, 909 (2002)).  Therefore, "[i]n reviewing the record . . . we will not 'fix upon isolated statements of the trial judge taken out of the full context in which they were made, and use them as a predicate for holding the law has been misapplied.'"  Id. (quoting Bullock v. Commonwealth, 48 Va. App. 359, 368, 631 S.E.2d 334, 339-40 (2006)).  "[A] 'trial court's remark is not, in and of itself, the full context simply because it represents the only point at which the court expressly

addressed the issue in dispute.'" Id. (quoting Parker v. Commonwealth, 41 Va. App. 643, 656-57, 587 S.E.2d 749, 755 (2003)).

11 U.S.C. § 523(a)(15) of the Bankruptcy Code excludes from discharge any debt

> to a spouse, former spouse, or child of the debtor . . . that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit.

"[C]ourts have held that joint . . . debt allocated to one spouse in a property settlement agreement or court decree may fall within the scope of the statute." Rogers v. Rogers, 51 Va. App. 261, 273, 656 S.E.2d 436, 441 (2008). We are unwilling to presume, based solely on the isolated comment of the trial court, that it did not recognize or apply this limitation on discharge.

2. Distribution of Debt on the Marital Residence

Code § 20-107.3(A) authorizes a trial court, upon entry of a decree of divorce, to divide both marital assets and marital debt between the parties. Specifically, upon request of either party, the trial court

> (i) shall determine the legal title as between the parties, and the ownership and value of all property, real or personal, tangible or intangible, . . . and (ii) shall determine the nature of all debts of the parties, or either of them, and shall consider which of such debts is separate debt and which is marital debt.

Code § 20-107.3(A). Having done so, and based on the factors listed in Code § 20-107.3(E), "[t]he court shall also have the authority to apportion and order the payment of debts of the parties, *or either of them*, that are incurred prior to the dissolution of the marriage." Code § 20-107.2(C) (emphasis added).

"In making an equitable distribution, the court must classify the property, assign a value, and then distribute the property to the parties, taking into consideration the factors listed in Code § 20-107.3(E)." Theismann v. Theismann, 22 Va. App. 557, 564, 471 S.E.2d 809, 812 (1996).

- 5 -

The most relevant factor, for our purposes here, is factor seven, which requires the trial court to consider the "debts and liabilities of each spouse, the basis for such debts and liabilities, and the property which may serve as security for such debts and liabilities." Code § 20-107.3(E)(7).

Here, wife was granted a divorce from husband in 2010. When the parties separated, they had significant joint debts, in the form of mortgages and a home equity line of credit (HELOC), encumbering the marital residence. Much of the debt was used to finance a business run by both parties during the marriage. Husband continues to operate this business.

Shortly after the divorce proceedings began, and before the trial court addressed equitable distribution, husband filed for bankruptcy. Pursuant to 11 U.S.C. § 362, the court stayed the equitable distribution hearing during the bankruptcy proceedings. In bankruptcy, husband discharged his obligations to the creditors who held the mortgage and home equity line, leaving wife solely responsible for the entire obligation to their third-party creditors.

After a hearing on equitable distribution, the trial court granted wife the marital residence and granted husband possession and control of the business. In granting wife the marital residence, the trial court noted that it "has no value in excess of the liens currently against it," i.e., the marital residence had a negative equity. The trial court stated that the negative equity was in the amount of $100,000 to $150,000. However, when the trial court specifically turned to the issue of debt, it apportioned only two credit card debts. The trial court properly classified the marital residence as marital property and properly valued the marital residence. However, the trial court failed to properly account for or apportion the mortgage loan or the HELOC. Further, it failed to take into account the negative equity in the marital residence in arriving at its equitable distribution award. "[T]o the extent that a valid indebtedness which is secured creates an encumbrance on the legal title, that indebtedness must be considered by the trial court in determining the value of the marital property for purposes of determining the amount of the

monetary award." Trivett v. Trivett, 7 Va. App. 148, 151, 371 S.E.2d 560, 562 (1988). At the time of the equitable distribution award, the marital residence was encumbered by the mortgage and HELOC. The trial court failed to consider these encumbrances in determining the value of the marital property and the apportionment of marital debt. Therefore, the trial court misapplied the statutory mandate contained in Code § 20-107.3 and, in doing so, abused its discretion. Accordingly, we reverse and remand for reconsideration of the equitable distribution of the parties' property and debt.

### B. *Pendente Lite* Order

Wife next argues that the trial court erred in failing to enforce the *pendente lite* order. The record indicates that there was a hearing on June 5, 2012 concerning wife's allegations that husband had violated the *pendente lite* order. However, there is no transcript or written statement of facts from that hearing. See Rule 5A:8(a) and (c). Thus, we are unable to determine what evidence was presented to the trial court and what conclusions it reached. To compound the problem, there is no order reflecting the holding of the trial court. For these reasons, we conclude that a transcript or written statement of facts is indispensable to a determination of this assignment of error. See Anderson v. Commonwealth, 13 Va. App. 506, 508-09, 413 S.E.2d 75, 76-77 (1992); Turner v. Commonwealth, 2 Va. App. 96, 99-100, 341 S.E.2d 400, 402 (1986). Therefore, the Court will not consider this assignment of error.

### III.

For the foregoing reasons, we reverse the trial court's decision and remand for further proceedings consistent with this opinion.

Reversed and remanded.