COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Chief Judge Decker, Judges Malveaux and Causey

TORMAN DEVON MACK, SR., S/K/A
  TORMON DEVON MACK

v.      Record No. 0735-22-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*]
PER CURIAM
JUNE 6, 2023

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Phillip L. Hairston, Judge

(Aaron C. Forstie, Senior Assistant Public Defender, on brief), for
appellant.

(Jason S. Miyares, Attorney General; Susan Hallie Hovey-Murray,
Assistant Attorney General, on brief), for appellee.


Torman Devon Mack, Sr., challenges the sentence the trial court imposed upon its finding

that he had violated the terms and conditions of a previously-suspended sentence. After examining

the briefs and record in this case, the panel unanimously holds that oral argument is unnecessary

because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). For the

reasons that follow, we affirm the trial court's judgment.

BACKGROUND

"On appeal, '[w]e "view the evidence received at [a] revocation hearing in the light most

favorable to the Commonwealth, as the prevailing party, including all reasonable and legitimate

inferences that may properly be drawn from it."'" *Green v. Commonwealth*, 75 Va. App. 69, 76

(2022) (alterations in original) (quoting *Johnson v. Commonwealth*, 296 Va. 266, 274 (2018)). "In

revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413.

is a clear showing of abuse of discretion.'" *Id.* (quoting *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013)).

The appellant pled guilty in 2010 to possession of cocaine with the intent to distribute. The trial court accepted his plea and convicted him of the charge. By final order of April 22, 2010, the court sentenced him to 20 years' incarceration, with 12 years suspended, and supervised probation "until released by the [c]ourt or by the [p]robation [o]fficer." The appellant was released from prison in 2017 and began reporting to probation. In 2018, the appellant's probation officer filed a "Major Violations Report" and the appellant was brought before the Circuit Court of the City of Richmond for a violation of the terms and conditions of his probation.[1] The court found that he had violated his probation and revoked 60 days of the previously suspended sentence. After completing his sentence for the 2018 probation violation and an unrelated sentence from a neighboring jurisdiction, the appellant returned to supervised probation in April 2019.

On June 8, 2021, the appellant's probation officer reported that the appellant had again violated the terms of his probation by repeatedly disregarding the probation officer's instructions. The violation report provided that the appellant failed to report for office appointments on eight separate occasions and he tested positive for opiates and marijuana in July 2019 and March 2020. The probation officer's report also noted that the appellant had been arrested in November 2020 for failing to provide child support.[2] The probation officer also reported that on March 16, 2021, the appellant was arrested for drug and traffic offenses.[3] In an addendum to the report, the probation

---

[1] The "Major Violations Report" issued on September 27, 2018, provides that the appellant had been convicted of new law violations, had failed to follow the instructions of his probation officer, and tested positive for controlled substances.

[2] On December 4, 2020, the appellant was found guilty of failing to appear in court on October 23, 2020, regarding the child support matter.

[3] The appellant was arrested on March 16, 2021, for charges of possession of Schedule I or II drugs, possession with intent to distribute Schedule I or II drugs, and failure to display

officer explained that the appellant failed to appear for a court date on the new charges and was a fugitive from justice. The trial court issued a capias on June 10, 2021. The appellant was served with the capias on July 16, 2021.

At the revocation hearing, the Commonwealth introduced the probation officer's report and a copy of the appellant's December 4, 2020 conviction order for failure to appear. In addition, Officer Wren Sinclair of the City of Richmond Police Department, the arresting officer for the appellant's March 2021 offenses, testified. Officer Wren described the traffic stop and his subsequent search of the appellant. During the search he found several thousand dollars of cash and a large bag containing approximately 15 grams of cocaine.

The trial court found that the appellant had violated Condition 1 (new law violation) and Condition 6 (failing to follow the probation officer's instructions) of the terms and conditions of his probation.[4]

After finding the violations, the court heard evidence to determine an appropriate sentence. The appellant's girlfriend, Lanitra Davis, testified on the appellant's behalf. She told the court that the appellant acts as a father to her three young children and was the sole provider for his own three-year-old daughter.[5] On cross-examination, Davis acknowledged she was not aware of some

_____

license plates on the vehicle. Of these charges, the Commonwealth only pursued the possession with the intent to distribute Schedule I or II drugs charge. A motion to suppress was filed in that case and was scheduled for a hearing on April 20, 2022, the same day as his probation violation charge was scheduled to be heard. The Commonwealth made a motion to nolle prosequi that charge at the April 20, 2022 hearing.

[4] When pronouncing that the appellant was guilty of a probation violation, the trial court stated that it did not "see anything that would suggest that the defendant absconded." However, during the parties' closing arguments on sentencing, the court acknowledge it had made a mistake and noted that the probation officer's addendum to the "Major Violations Report" referenced that the appellant had absconded.

[5] In May 2019, the appellant and the child's mother were in a serious car accident. He suffered significant injuries, and the child's mother was killed.

of the appellant's previous convictions, but knew about his new charges. She testified that she had encouraged the appellant to attend his court dates. Davis agreed that children should not be around cocaine. However, she testified that to her knowledge, the children were not exposed to illegal substances and were not present when the appellant was arrested.

The appellant argued that the trial court should impose a sentence within the discretionary guidelines recommendation of no more than six months' incarceration. He noted that he already had been incarcerated for a "significant period of time." He argued that the Commonwealth had nolle prosequied the drug charge and he only received a $25 fine for the misdemeanor failure to appear. In an effort to explain his positive drug screens, the appellant claimed that he had been prescribed pain medication as a result of serious injuries he suffered in the car accident that caused the death of his daughter's mother. He acknowledged that he had not been a "perfect" probationer, but noted he had not committed any violent offenses. Further, he represented that he had been accepted into two drug recovery programs and contended that his time would be better served attending the recovery programs and being with his family.

In response, the Commonwealth argued that an upward deviation from the discretionary sentencing guidelines was appropriate because the appellant had consistently violated his probation. The prosecutor noted that after testing positive for drugs, the appellant failed to provide proof of his medication and did not report to his probation officer on several different occasions. Additionally, the Commonwealth pointed out that when the appellant was arrested, he was in possession of 15 grams of cocaine and thousands of dollars in cash. The prosecutor asserted that the appellant's recent arrest and criminal history illustrated that he was a drug dealer. She argued that the appellant posed a danger to the community, so a more substantial sentence was appropriate.

Following closing arguments the court determined that it was appropriate to revoke the appellant's previously-suspended sentence and resuspend all but two years and ten months.[6]

ANALYSIS

After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). Moreover, under the revocation statute in effect when appellant violated his probation and the trial court issued process, once it found that appellant had violated the terms of the suspension, the court was obligated to revoke the suspended sentence and the sentence was in "full force and effect."[7] Code § 19.2-306(C)(ii) (2020 Cum. Supp.); *cf. Heart v. Commonwealth*, 75 Va. App. 453, 463 (2022) (noting that, but for the consent of all parties to proceed under the new law, the provisions of the previous version of Code § 19.2-306 would apply where the violation, the violation report, and the issuance of the capias all occurred prior to July 1, 2021). Under the code section that controlled the appellant's sentencing hearing, the court was permitted to exercise "broad discretion" to revoke a suspended sentence. *Alsberry v. Commonwealth*, 39 Va. App. 314, 320 (2002) (quoting *Davis v.*

_____

[6] The court did not provide a detailed rationale for departing from the sentencing guidelines from the bench. However, it did provide detail on the sentencing revocation report which is included in the record. The court noted the appellant's "new conviction," his "extensive history with drug possession and distribution," and his "continued failure to comply with probation" as reasons for the departure from the guidelines.

[7] At the revocation hearing the appellant posited that "if not for [the] new conviction" the violation would have been "a technical violation" with "sentencing limitations." While the appellant argued that the violation was being heard under the new statutory scheme that included Code § 19.2-306.1, the Commonwealth did not to concede this point. *See Delaune v. Commonwealth*, 76 Va. App. 372, 378-79 (2023) (holding that the sentencing framework established by Code § 19.2-306.1(B) could be applied if the Commonwealth elects to proceed under that code section). Given that the capias in this case was issued prior to July 1, 2021, and the Commonwealth did not consent to Code § 19.2-306.1 controlling sentencing, the appellant's revocation hearing operated under the previous version of Code § 19.2-306. *See Green*, 75 Va. App. at 78-85 (holding that the statutes in effect when the violation occurred and the revocation proceedings began control).

*Commonwealth*, 12 Va. App. 81, 86 (1991)). "When exercising its discretionary power, the trial court 'has a range of choice, and . . . its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law.'" *Cellucci v. Commonwealth*, 77 Va. App. 36, 48 (2023) (en banc) (alteration in original) (quoting *Lawlor v. Commonwealth*, 285 Va. 187, 212-13 (2013)).

The trial court was permitted—but not required—to resuspend all or part of the sentence. Code § 19.2-306(C)(ii) (2020 Cum. Supp.); *Alsberry*, 39 Va. App. at 320. The record demonstrates that the court had more than sufficient cause to revoke the appellant's suspended sentence because he was convicted of a new charge during the probation period and repeatedly failed to cooperate with his probation officer.[8] The appellant does not challenge the trial court's finding that he violated the terms of his suspended sentence. Instead, he challenges only the sentence the court imposed upon finding the violations.

The appellant asserts that the trial court either failed to consider his mitigation evidence or improperly weighed his criminal record against the mitigating evidence. He reaches this conclusion by noting that the court did not expressly comment on the evidence he presented in mitigation either when it pronounced sentence or in its written explanation for its upward departure from the discretionary sentencing guidelines.

This reasoning is inconsistent with the law. "[A]bsent a statutory mandate . . . a trial court is not required to give findings of fact and conclusions of law." *Cannaday v. Commonwealth*, 75

---

[8] We note that even if the Commonwealth had consented to proceed under Code § 19.2-306.1 in this case, the results would be the same. Under Code § 19.2-306.1(B), the trial court retains the discretion to "revoke the suspension and impose or resuspend any or all of that period previously suspended" when a defendant is convicted of a new criminal offense during the suspension period. *See also Diaz-Urrutia v. Commonwealth*, 77 Va. App. 182, 189 (2023) (noting that where a defendant "has been convicted of a new criminal offense, then the court may 'revoke the suspension and impose . . . any or all of that period previously suspended'" (quoting Code § 19.2-306.1(B))).

Va. App. 707, 719 (2022) (alterations in original) (quoting *Fitzgerald v. Commonwealth*, 223 Va. 615, 627 (1982)). Here, the appellant identifies no statutory mandate that the trial court state what weight it gave to the evidence in aggravation and mitigation of a sentence. Further, without "clear evidence to the contrary in the record, the judgment of a trial court comes to us on appeal with a presumption that the law was correctly applied to the facts." *Yarborough v. Commonwealth*, 217 Va. 971, 978 (1977); *see also Groves v. Commonwealth*, 50 Va. App. 57, 61-62 (2007) ("[T]he 'judge is presumed to know the law and to apply it correctly in each case.'" (quoting *Crest v. Commonwealth*, 40 Va. App. 165, 172 n.3 (2003))).

It was the appellant's burden to prove that the mitigating evidence he presented at sentencing lessened his "moral culpability for the crime committed." *Cellucci*, 77 Va. App. at 49 (quoting *Wilson v. Commonwealth*, 54 Va. App. 631, 642 (2009)). Once the evidence was before the trial court, it was within the court's purview to weigh the mitigating evidence the appellant presented, including the tragic death of his daughter's mother, his role as a caretaker for both his young daughter and Davis's children, his efforts to secure substance abuse treatment, and the support he had from his family. The court was obligated to balance the appellant's mitigating circumstances against his consistent non-compliance with probation, his new conviction for failing to appear, and his possession of a large quantity of cocaine during his probationary period. When considering the efforts the court has taken to fulfill this obligation, "[b]arring clear evidence to the contrary, this Court will not presume that a trial court purposefully ignored mitigating factors in blind pursuit of a harsh sentence." *Bassett v. Commonwealth*, 13 Va. App. 580, 584 (1992); *see also Cellucci*, 77 Va. App. at 52 ("[T]he trial court was not obligated to find that the evidence highlighted by the appellant actually mitigated his crime." (citing *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000))). In this case, we find that the court considered all

of the evidence presented and did not abuse its discretion in weighing the mitigation evidence against other factors.

"The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). By habitually failing to comply with probation, the appellant demonstrated—and his probation officer concluded—that he was not amenable to rehabilitation. Thus, the record supports the trial court's similar conclusion. "When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)); *Pierce v. Commonwealth*, 48 Va. App. 660 (2006) (same). The appellant failed to make productive use of the grace the trial court had extended to him. Upon review of the record, we find no abuse of the trial court's sentencing discretion.

### CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed.

*Affirmed.*